## IN RE GEORGE M. BLACKBURN.

*Inn or Tavern—Intoxicating Liquors—License—Petition—Certificate—Substantial Freeholders—Interest of Husband in Wife's Real-estate not Sufficient to Make Him a Freeholder.*

1. A person, desiring a license to keep an inn or tavern and to sell intoxicating liquors, must file with his application a certificate of the requisite number of substantial freeholders, residents of, and owners of freehold located in the district where the place applied for is located; and the interest held by a husband in real estate owned by his wife, who is living, is not sufficient to make him a substantial freeholder.

Del. case cited:—*Evans vs. Lobdell*, 6 *Houst*. 212.

(*May* 14, 1910.)

Judges CONRAD and WOOLLEY sitting.

*William H. Cooper, Jr.*, for applicant.

*Caleb E. Burchenal* and *Horace G. Eastburn* for exceptants.

Court of General Sessions, New Castle County, May Term, 1910.

Application of George M. Blackburn for a license to keep an inn or tavern, and to sell intoxicating liquors, etc., at Hare's Corner, in District No. 48, in New Castle County. Petition withdrawn without prejudice.

The certificate and recommendation filed with the petition of the applicant, was signed by fourteen citizens. The existing statute requires that there shall be twelve signers, (respectable citizens), and that at least one-half of such signers shall be substantial freeholders. A remonstrance was filed in which the objection was urged that the certificate filed with said application was not signed by a sufficient number of substantial freeholders.

Opinion.

The Court held; CONRAD, J., announcing the opinion of the Court:

1.   That the freeholders required by the statute must be substantial freeholders residing in the district where the place applied for is located; and that they must also be owners of freehold located in the district.

2.   That the right or interest held by a husband in real estate owned by his wife, who is living, is not sufficient to make the husband a substantial freeholder, such as is contemplated by the license statute, and in support of this position the Court cited the case of *Evans vs. Lobdell*, 6 *Houst.* 212, where it was held, that the several acts then existing in this State for the benefit of married women had materially restricted and acknowledged the husband's rights in the wife's real estate.   The Court in that case said:—"Under the operation of the (married woman's) statute the rents and profits of her land are no longer subject to her husband's disposal, as formerly, nor liable for his debts.   It was designed to abolish both his freehold, *juri uxoris*, and the tenancy by the curtesy initiate, leaving him only the tenancy by the curtesy consummate in the event of his surviving his wife, and having had issue by her during the marriage.

"At common law the tenancy by the curtesy vested on the birth of issue and the husband began to have a permanent interest in the lands (2*Bl. Com.* 127,) but the statute has abrogated this vested right, and there is now no martial right in the wife's real estate while she is alive on which a judgment against the husband can fasten."

The rule being that six of the signers to an application must be owners of freehold interests located within the school district, and there being left but five freehold signers upon the petition, under the above ruling of the Court, upon application of Mr. Cooper, leave was granted to withdraw the petition without prejudice.